NIMMONS, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals from final judgment in favor of appellees, Mr. and Mrs. Spencer, after a non-jury trial in an action brought by HRS against the Spenc-ers to recover costs incurred by the State in maintaining their two minor children in foster care. We reverse and remand.
The Spencers’ two children were adjudicated dependent and were removed from their custody pursuant to the provisions of Chapter 39, Florida Statutes. Temporary custody was awarded to HRS which placed the two children in foster care. HRS provided for the care, subsistence and maintenance of the children for almost two years until January 26, 1981, when the children were returned to the custody of the Spenc-ers.
Pursuant to Section 402.33, Florida Statutes, HRS billed the Spencers monthly for costs incurred by the State in maintaining the children in foster care. That section provides for parents of minors receiving services by HRS to pay fees for such services. Section 402.33(4) further provides in pertinent part:
The department shall only collect ... from ... parents ... fees consistent with the ... parents' ... ability to pay. Parents of minors receiving services in a program for which fees have been established shall pay fees consistent with their ability to pay ....
Section 402.33(3) also requires HRS to determine annually the cost of providing such services and uniform criteria for determining ability to pay. The Spencers completed HRS’s maintenance fee disclosure form. At that time, their total income consisted of approximately $1100 per month in veteran’s benefits. HRS billed them $123 per month per child as and for a reasonable contribution towards the State’s cost of maintaining the children in foster care taking into account the Spencers’ ability to pay at the time of such billings and the criteria set forth in Chapter 10-6, Fla.Admin.Code, which was promulgated pursuant to Section 402.33(3).
The Spencers failed to make any payments to HRS or to contact the fee collection office regarding their failure or inability to pay the monthly bills. In June, 1981, HRS filed suit to collect $5,380.20 in past due maintenance fees. The trial court denied HRS’s motion for summary judgment and the case was tried in February, 1982.
The trial court entered judgment in favor of the Spencers and against HRS on the grounds that the Spencers, at the time of the trial, were indigent, and “mentally and physically disabled.” During the trial, the court interrupted HRS counsel’s cross examination of Mr. Spencer as counsel was questioning Mr. Spencer concerning his expenditures during the period of time when the maintenance costs were being incurred and the monthly billings were being sent to the Spencers. The trial judge advised defense counsel:
The material question on that, Mr. Sear-cy, is not what he did then but his ability to pay now. I think that is the intention of the statute to give the courts some authority in that to determine whether or not he is able to pay now, not whether he paid then or was able to pay then.
We agree with counsel for HRS that the trial court erroneously assumed that HRS was precluded from recovering judgment for the unpaid maintenance fees by reason of indigency of the Spencers at the time of the trial.
*511 We hold that under Section 402.33, Florida Statutes, HRS is authorized to charge parents of minors receiving services in a foster care program fees which have been properly established pursuant to that section and which represent the actual cost of such services, but not greater than the parents’ ability to pay at the time such costs of services are incurred. In the instant case, HRS billed the Spencers on a monthly basis during the time the children were in foster care. Any issue as to the Spencers’ ability to pay must relate to that period of time, not at the time of the trial or final judgment.
HRS also contends that the trial court erred when it refused to take judicial notice of Chapter 10-6, Fla.Admin.Code. That chapter contains the guidelines and procedure by which HRS determines maintenance fees based upon ability to pay as required by Section 402.33, Florida Statutes. Although no objection was made by opposing counsel, the trial court denied the request observing that it did not believe it could take judicial notice of an administrative rule. Contrary to the trial court’s assumption, Section 90.202(9), Florida Statutes, provides that a court may take judicial notice of “rules promulgated by governmental agencies of this state which are published in the Florida Administrative Code or in bound written copies.” Upon remand and the further proceedings hereinafter ordered, the trial court shall consider HRS’s judicial notice request in light of the provisions of Section 90.202, Florida Statutes.
Finally, HRS contends that the trial court erred in denying its motion for summary judgment. We hold that the trial court did not err in denying HRS’s motion.
The judgment for appellees is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion including, if necessary, the receiving of additional evidence.
REVERSED and REMANDED.
BOOTH and WIGGINTON, JJ, concur.